UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JON HARVEY,

    Plaintiff,

v.

AMY VICTORIA LILLIBRIDGE,

    Defendant.
_____/

Case No. 1:21-cv-661

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Brandon Jon Harvey against defendant Amy Victoria Lillibridge. This matter is now before the Court on defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 24).

**I.**      **Background**

Plaintiff filed a "Memorandum supporting Court's Jurisdiction to address Plaintiff's Complaint" (ECF No. 18), which has been docketed as his amended complaint. As in his original complaint, plaintiff does not explicitly identify defendant's relationship to him or what defendant did to be the subject of this lawsuit. It is only by reading defendant's brief in support of the motion to dismiss that the reader discovers that defendant Lillibridge is the mother of plaintiff's child, TMH. With that information, it appears that plaintiff is blaming defendant for losing his claim for joint custody in a state court case.[1]

---

[1] *See* Amend. Compl. at PageID.97 ("Given that this [state] case was initiated by my application for joint custody, and that application was never answered in accordance with the law but instead proceeded in favor of defendant's counter claim, that case is void ab initio and I am not lawfully the Plaintiff in the case, but the Defendant because the court effectively tossed out my complaint and replaced it with the Defendant's without due process of law.").

Plaintiff's amended complaint consists of a list of legal concepts and arguments: (1) Right to fair and impartial trial (PageID.95); (2) Right to freedom of thought and opinion (PageID.95); (3) Case law related to child's educational rights (PageID.96); (4) Uniform Child Custody Jurisdiction and Enforcement Act (PageID.97); (5) Constitutionality of uniform law (PageID.98); (6) Article IV Section 4 of the US Constitution (PageID.99-101);[2] (7) 9th and 10th Amendments to the US Constitution (PageID.102-103);[3] (8) 26th Amendment to the US Constitution (reference to § 1) (PageID.104-105);[4] (9) 14th Amendment of the US Constitution (reference to § 1) (PageID.105);[5] and, (10) 1st Amendment of the US Constitution (PageID.106-108).[6]

Plaintiff asks for three types of relief. First, plaintiff asks that "the State court case," presumably a child custody case in the Barry County Circuit Court (*see* PageID.97), "be recognized by the United States as null and void ab initio." Amend. Compl. at PageID.109. Second, plaintiff asks "that I be recognized [sic] my inherent rights as the [child's] father and my

---

[2] "The United States shall guarantee to every State in this Union a Republican Form of Government, **and shall protect each of them against Invasion**; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) **against domestic Violence**." U.S. Const. Art. IV, § 4 (emphasized by plaintiff).

[3] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are **reserved** to the States **respectively**, or to the **people**." U.S. Const. Amend. X (emphasized by plaintiff).

[4] "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age." U.S. Const. Amend. XXVI, § 1.

[5] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

[6] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. I.

[child's] right to equal custody as an equal parent." *Id*. Third, plaintiff requests "that if any question of doubt remain with this court, that I be granted the opportunity to plead the circumstances of this miscarriage of justice in front of a qualified jury of American citizens." *Id*.

## II.    Discussion

### A.    Lack of subject matter jurisdiction

Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff has two potential sources of jurisdiction, federal question jurisdiction and diversity jurisdiction. In resolving defendant's motion to dismiss, the Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Here, plaintiff's amended complaint did not allege a federal cause of action against defendant. Plaintiff has recited a litany of federal constitutional provisions. His federal claims, if any, would arise under 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff has made no allegations as to defendant's status as a state actor or any actions which defendant took to deprive him of a federal constitutional right. Defendant Amy Victoria Lillibridge was the defendant in a state court child custody case initiated by plaintiff. Defendant Lillibridge took no action other than to appear and defend herself in the state court case. Defendant was not a state actor; she was a private individual summoned to court by plaintiff. *See American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct") (internal quotation marks omitted). Plaintiff has not alleged that defendant took any action which violated his federal constitutional rights. Accordingly, plaintiff has failed to allege federal question jurisdiction.

Next, the federal diversity statute, 28 U.S.C. § 1332, provides in pertinent part that,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). Here, plaintiff did not allege that the parties are citizens of different states or that the matter in controversy exceeds the sum of $75,000.00. Furthermore, plaintiff did not allege that defendant engaged in any wrongful conduct in violation of state law. As discussed, the gist of plaintiff's claim is that defendant prevailed in a child custody case filed in state court. Accordingly, plaintiff has failed to allege federal diversity jurisdiction.

For all of these reasons, plaintiff's amended complaint should be dismissed for lack of federal subject matter jurisdiction.

### III.    RECOMMENDATION

Accordingly, I respectfully recommend that defendant's motion to dismiss (ECF No. 24) be **GRANTED** and that this action be **DISMISSED**.

Dated: July 8, 2022                        /s/ Ray Kent
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).