UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JON HARVEY,

    Plaintiff,

v.

                                    Case No. 1:21-cv-661

AMY VICTORIA LILLIBRIDGE,           Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

On July 8, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 38) recommending that the Court grant Defendant's motion to dismiss (ECF No. 24) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Before the Court is Plaintiff's objection to the R&R (ECF No. 39).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that Plaintiff failed to establish subject matter jurisdiction. Plaintiff attempts to establish jurisdiction by raising new arguments in his objection. However, a party cannot raise new arguments in an objection. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act . . . permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not

presented to the magistrate."). In any case, Plaintiff's arguments are without merit and fail to establish subject matter jurisdiction.

Plaintiff argues that the disposition in this case requires consideration of related case 1:22-cv-297, which involves the same parties. Plaintiff makes no argument and provides no support how that related case would establish jurisdiction in this case. Further, he argues that this Court has diversity jurisdiction because he and Defendant live in different counties in Michigan. This does not satisfy the diversity jurisdiction standard. Diversity jurisdiction exists where the parties are domiciled in different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a)(1).

Plaintiff also raises several constitutional arguments. He contends that Michigan's custody statute, Mich. Comp. Laws. § 722.1006, violates the Fourteenth Amendment because it discriminates against men in favor of women, that States do not have jurisdiction or "constitutional authority" over custody issues, and that custody issues are domestic terrorism that implicates national security. (Pl.'s Obj. 6, ECF No. 39.) As the magistrate judge stated, these are not claims he can bring against Defendant, who is the mother of his child. (*See* R&R 4.)

In short, the Court discerns no error in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection (ECF No. 39) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 38) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for failure to state a claim (ECF No. 24) is **GRANTED**.

The Court will enter a judgment in accordance with this Order.

Dated: July 19, 2022                   /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE